1                                                                     O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER ENUNWAONYE,<br><br>          Plaintiff,<br><br>    v.<br><br>AURORA LOAN SERVICES LLC;<br>AURORA BANK FSB; QUALITY LOAN<br>SERVICE CORPORATION; SBMC<br>MORTGAGE, GENERAL<br>PARTNERSHIP; and DOES I-XX,<br>Inclusive,<br><br>          Defendants. | Case No. CV 11-00879-ODW (MANx)<br><br>Order **DENYING** Plaintiff's Motion for Reconsideration [64] |

Pending before the Court is Plaintiff Esther Enunwaonye's ("Plaintiff") Motion for Reconsideration.  (Dkt. No. 64.)  On February 14, 2012, the Court granted Defendants Aurora Loan Services LLC and Aurora Bank FSB's (collectively "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint.  (Dkt. No. 69.)  After careful consideration of the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons discussed below, Plaintiff's Motion is **DENIED**.

/ / /

# I.   BACKGROUND

This Court dismissed Plaintiff's original and First Amended Complaints on the merits following Plaintiff's failure to file a timely opposition to Defendants' motions to dismiss pursuant to Local Rule 7-9.  (Dkt. Nos. 14, 42, 56.)  While Plaintiff successfully filed an opposition to Defendants' motion to dismiss her Second Amended Complaint, the Court again dismissed Plaintiff's amended pleadings for failure to state a claim.  (Dkt. Nos. 56.)

Plaintiff filed her Third Amended Complaint ("TAC") on December 28, 2011.  (Dkt. No. 58.)  Once again, Defendants moved to dismiss Plaintiff's Complaint, and once again Plaintiff failed to file a timely opposition to Defendants' motion.  Nevertheless, the Court again considered the merits of Defendants' motion and found that Plaintiff's TAC similarly failed to survive scrutiny under Rule 12(b)(6).  Upon determination that further attempts to amend her pleadings would be futile, the Court dismissed Plaintiff's TAC with prejudice.  (Dkt. No. 63 (citing *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities."))).

On February 24, 2012, Plaintiff filed the instant Motion for Reconsideration (Dkt. No. 64), to which Defendants filed an Opposition on March 12, 2012 (Dkt. No. 66).  Plaintiff seeks relief under Federal Rules of Civil Procedure 59 and 60, arguing, among other things, that she has a meritorious defense to Defendant's Motion to Dismiss, that she can plead additional facts supporting her claims, and the late filing of her opposition was due to the mistake, inadvertence, or excusable neglect of her counsel.  (Mot at 2.)

# II.   LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the

interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Furthermore, a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880 (internal quotation marks omitted).

Pursuant to Local Rule 7-18, a motion for reconsideration may be made only on the grounds of

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

In analyzing Federal Rule of Civil Procedure 60(b)(1), "[t]he determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick*

*Assoc. L.P.*, 507 U.S. 380, 395 (1993)).  "To determine when neglect is excusable, [the district court must] conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay [or other error, including whether it was within the reasonable control of the movant]; and (4) whether the movant acted in good faith.'"  *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).  The above factors are not exclusive, but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect."  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

### III.   DISCUSSION

Plaintiff's Motion for Reconsideration seeks relief under both Federal Rule of Civil Procedure 59 and 60(b)(1).  The Court will discuss the applicability of Plaintiff's requested relief under each rule in turn.

### A.   RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59

Plaintiff requests that the Court reconsider its February 14, 2012 Order under Federal Rule of Civil Procedure 59 and amend the Court's Order to permit Plaintiff leave to amend her fraud and wrongful foreclosure claims.  (Mot at 5–6.)  Plaintiff also seeks leave to amend to allege her willingness to tender her loan proceeds.  (Mot. at 5.)  However, Plaintiff neither offers new facts or law of "material difference" that were not previously ascertainable through the "exercise of reasonable diligence" nor demonstrates how the Court "fail[ed] to consider material facts" in making its decision to dismiss Plaintiff's TAC for the same infirmities pervading this litigation.  *See* C.D. Cal. L.R. 7-18.  Instead, Plaintiff merely rehashes arguments the Court has already considered, which is flatly insufficient to meet the rigorous demands for reconsideration under Rule 59.  Accordingly, Plaintiff's Motion for Reconsideration under Rule 59 is **DENIED**.

/ / /

**B.     RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60**

Plaintiff also seeks relief from the Court's February 14, 2012 Order under Federal Rule Civil Procedure 60(b)(1), citing her counsel's excusable neglect for her failure to timely file an opposition.  (Mot. at 3.)  Consideration of the *Pioneer* factors reveals that Plaintiff's neglect was not excusable.  The Court finds that the first factor, the danger of prejudice to the opposing party, favors Defendant.  On one hand, if relief is granted, Defendant will be forced to litigate claims that potentially have no merit, as Plaintiff's repeated failure to adequately state a claim has revealed.  (*See* Dkt. Nos. 14, 42, 56, 63.)  On the other hand, Courts should liberally construe Rule 60 to allow for the just determination of cases on the merits.  *Rodgers v. Watt*, 722 F.2d 456, 459-60 (9th Cir. 1983).  In balancing the two, the Court finds that forcing Defendant to continue this seemingly futile motion practice would be more prejudicial than not; thus, this factor weighs in favor of Defendant.

The second Pioneer factor addresses the length of delay and its potential impact on the proceeding.  While Plaintiff filed her Motion for Reconsideration ten days after the Court dismissed her case for the fourth time, thus resulting in minimal delay, the Court deems it appropriate to also consider the previous delays caused by Plaintiff's neglect in failing to timely file an opposition.  Plaintiff has now twice failed to file an opposition to Defendants' motions to dismiss at all and filed one opposition late, which has significantly delayed the progress of this case.  (*See* Dkt. Nos. 14, 42, 63.)  Because excusable neglect is an equitable doctrine, the Court must "take into account all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 394.  As a result, the Court finds that this delay, coupled with the previous delays caused by Plaintiff's sheer neglect, leave this factor heavily in favor of Defendant.

As to the third factor, the reason for the delay, Plaintiff's incorrect calendaring of the motion dates falls within the boundaries of excusable neglect as espoused by the *Pioneer* Court and Ninth Circuit precedent.  Although not particularly compelling, Plaintiff's clerical error is simply one "in which the failure to comply with a filing

deadline is attributable to negligence." *Id.*  Furthermore, the Ninth Circuit has been generous in its application of *Pioneer* and has extended relief under 60(b)(1) in situations where attorney neglect was no more than carelessness.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (finding a calendaring mistake as excusable neglect); *see also In re Hawaiian Airlines, Inc.*, Cv. No. 08-00405 DAE-BMK, 2011 WL 1483923, at *5 (D. Haw. Apr. 18, 2011) (collecting cases in which "the Ninth Circuit has found excusable neglect when experienced law firms and attorneys have missed filing deadlines").  However, Plaintiff's counsel should have been aware when taking this case that it had been dismissed on two previous occasions for failure to file an opposition.  Given these circumstances, Plaintiff's counsel should have taken an abundance of caution to ensure that his opposition was timely filed, but failed to manage this task.  Thus, the Court finds that this factor only slightly favors Plaintiff.

Finally, in addressing the fourth factor, whether the movant acted in good faith, the Court finds no indication that Plaintiff has engaged in any conduct that could be construed as bad faith.  *See Bateman*, 231 F.3d at 1225 (noting that negligence and carelessness do not amount to bad faith).  Thus, this factor weighs in favor of Plaintiff.

In conclusion, the Court finds that the *Pioneer* factors mitigate towards denying relief from dismissal of Plaintiff's case.  The Court therefore **DENIES** Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.    CONCLUSION

Because Plaintiff has failed to establish a material change of facts or law, a manifest showing that the Court failed to consider facts to support his position, or any other "highly unusual circumstances" warranting reconsideration of the Court's February 14, 2012 Order, and because Plaintiff has failed to demonstrate excusable neglect under Federal Rule of Civil Procedure 60(b)(1), the Court **DENIES** Plaintiff's Motion for Reconsideration in its entirety.

**IT IS SO ORDERED.**

March 21, 2012

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE